ROGERS, J.,
concurring in the result.
I concur, albeit with some hesitation resulting from what appears to be the underlying intent of the insurance policy to exclude coverage for such suits.
Ohio’s Dram Shop Act not only provides a cause of action in limited circumstances against liquor permit holders, it also precludes any other cause of action against such a permit holder for death or injury that occurs as a result of actions of an intoxicated person to whom the permit holder had sold liquor. Ohio Rev.Code Ann. § 4399.18. The statute provides:
[Ejxcept as otherwise provided in this section, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the personal injury, death, or property damage occurred on the permit holder’s premises or in a parking lot under the control of the permit holder and was proximately caused by the negligence of the permit holder or an employee of the permit holder.
Ohio Rev.Code Ann. § 4399.18. As alleged, Beebe’s death resulted from his being forced off the Inn’s premises in an intoxicated state. R. 1-3 at 4-5, PagelD # 83-84 (“Despite its knowledge that Plaintiffs decedent was intoxicated and had no ride home, Defendant, The Inn in West And-over Ohio, through its agents and employees, negligently forced Plaintiffs decedent to leave the bar.”). This might well state a common law cause of action for negligence were it not for the statutory preclusion of liability for death or injury that occurs as a result of an intoxicated person and off the liquor permit holder’s premises, owed by a liquor permit older who sold beer or liquor to that intoxicated person. In light of that statutory preclusion, liability in this situation can only be obtained through the cause of action provided by the Dram Shop Act, and such claims are excluded by the insurance policy.
By its terms, however, the insurance policy does not fully exclude coverage for common law causes of action that are precluded by the Dram Shop Act. The policy states that “[Mid-Continent] will have no duty to defend the insured against any ‘suit’ seeking damages for ‘bodily injury’ or ‘property damage’ to which this insurance does not apply;” however, the policy’s liquor liability exclusion, in relevant part, provides only that “[t]his insurance does not apply to ... ‘bodily injury’ ... for which any insured may be held liable by reason of ... (1) [c]ausing or contributing to the intoxication of any person; (2) [t]he furnishing of alcoholic beverages to a person ... under the influence of alcohol; or *429 (3)[a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages” R. 1-1 at 13-14, PagelD # 19-20. Therefore, it is possible for certain common law claims to fall within the liability insurance coverage yet still be precluded by the Dram Shop Act — as is the case here, where the alleged negligent act was ejecting an intoxicated person to whom the Inn had served liquor (and thus the claim is precluded by the Dram Shop Act), but because the alleged negligence was not causing a person’s intoxication itself or furnishing alcohol to an intoxicated person, the claim is not covered by the policy’s liquor liability exclusion. The insurer therefore must defend under the policy, even if all the insurer has to do is demonstrate that the preclusion applies. The insurance company can hardly have intended to allow its obligation to defend allegations arguably covered the insurance policy to result in an obligation to defend a Dram Shop Act claim explicitly excluded by the insurance policy. Although such a result appears anomalous, any anomaly can be fixed in the future by more precise drafting of the insurance policy.